Alexander R. Malbin, Esq. (AM9385)
FERDINAND IP, LLC
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
(212) 220-0523

*Attorney for Plaintiff*
ERIC JOHNSON

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC JOHNSON, <br><br> Plaintiff, <br><br> - against - <br><br> FVMOUS CLOTHING COMPANY and RENASIA COUTURE, <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT** |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

Mr. Eric Johnson (hereinafter "Plaintiff"), by and through his undersigned counsel, for his Complaint, states and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement and injunctive relief under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This action arises from Defendants' unauthorized and unlawful reproduction, distribution, public display, and use of certain copyright-protected photographs owned by Plaintiff in connection

with their design, manufacture, marketing, distribution, and sale of certain apparel products, in willful infringement of Plaintiff's U.S. Copyright Registration No. VA 1-910-544.[1]

## THE PARTIES, JURISDICTION, & VENUE

2.     Plaintiff Eric Johnson is a professional photographer and artist who is a resident and citizen of the State of New York, County of New York, with his principal place of business in Manhattan, New York.

3.     Upon information and belief, Defendant Fvmous Clothing Company ("Fvmous") is a Georgia company with a principal place of business at 700 Carlton Pointe Way, Palmetto, Georgia, 30268.

4.     Upon information and belief, Defendant Renasia Couture ("Couture") is an individual with an address of 700 Carlton Pointe Way, Palmetto, Georgia, 30268.

5.     This Court has personal jurisdiction over Defendants because Defendants have purposely directed substantial activities at the residents of New York and this District by means of the web site described herein and derives substantial revenue from interstate commerce. This Court also has personal jurisdiction over Defendants pursuant to the long-arm statute of New York because the causes of action alleged herein arise from transactions of business to supply goods in this State carried out by Defendants and/or from tortious acts causing injury to person and/or property within this State and this District.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7.     Venue is proper under 28 U.S.C. § 1391(a)(2) because Defendants do business in this District and/or because a substantial part of the events giving rise to the causes of action

---

[1] A copy of the Certificate of Registration is attached hereto at Exhibit 1.

2

alleged herein occurred in this District, and the injuries suffered by Plaintiff took place in this District.

## FACTUAL ALLEGATIONS

### A. PLAINTIFF AND HIS ORIGINAL CREATION, OWNERSHIP, AND USE OF HIS COPYRIGHT-REGISTERED PHOTOGRAPHS OF AALIYAH

8. Plaintiff, Eric Johnson, is a successful, award-winning professional photographer and artist. He is a citizen of the State of New York and resides in the Borough of Manhattan.

9. One focus of Plaintiff's work is photographic portraiture. Plaintiff has been producing iconic photographic portraits of a wide, diverse group of musicians, artists, and celebrities for over thirty years. His photographs have been published in countless books, magazines, newspapers and periodicals, featured as cover artwork for music albums, and shown in gallery shows. Several of his more well-known portraits have become truly etched into the public consciousness.

10. Plaintiff is the legal and beneficial owner of a vast number of his own original photographs, certain of which he sells and/or licenses, and many of which he has not licensed or has only licensed for a limited scope of use. Plaintiff has invested significant time, money, resources and manpower over his distinguished and longstanding career in building and maintaining his photograph archive.

11. In June 2001, Plaintiff shot a series of photographic portraits of the R&B recording artist and actress Aaliyah, the internationally renowned R&B recording artist and actress, just months before her tragic death in August of that year (the "Aaliyah Photographs").

3

12. During his photo shoot with Aaliyah, Johnson captured a number of intimate, beautiful, timeless shots of the superstar. Certain photographs from that shoot have come to define Aaliyah's enduring image among the public and her devoted fans.[2]

13. Plaintiff has engaged in licensing of certain of the Aaliyah Photographs, and has maintained the majority of the Aaliyah Photographs in his private personal archive and refrained from commercially exploiting them since the June 2001 photo shoot.

14. Plaintiff is the legal and beneficial owner of all rights, titles, and interests in and to each of the Aaliyah Photographs. Plaintiff has registered his claims of authorship and ownership of the Aaliyah Photographs with the Copyright office, U.S. Copyright Registration No VA 1-910-544 (the "'544 Registration"), and obtained a certificate of copyright registration from the Copyright Office covering each of the Aaliyah Photographs.[3]

15. Plaintiff's copyright-registered Aaliyah Photographs include the three photographs reproduced at Exhibit 3 (the "Photographs At Issue").

B. **The Defendants and Their Business Operations**

16. Upon information and belief, Defendants engage in the business of designing, manufacturing, marketing, distributing, and selling apparel products in the United States and worldwide, including to customers located in the State of New York.

17. Upon information and belief, Defendants operate the web site located at the domain name www.shopfvmous.com (the "Fvmous Web Site") as a vehicle for marketing and selling their apparel products to customers located in the United States and worldwide, including within the State of New York and this District.

---

[2] One of Plaintiff's Aaliyah Photographs was published on the cover of the November 2001 Aaliyah Memorial issue of Vibe Magazine, a reproduction of which is attached hereto at Exhibit 2.
[3] The certificate of registration for the '544 Registration, identifying Plaintiff as copyright claimant, is attached hereto at Exhibit 1.

18. Upon information and belief, the Fvmous Web Site is accessible to persons located throughout the United States and worldwide, including persons located in the State of New York and this District.

19. Upon information and belief, the Fvmous Web Site is directed at persons located throughout the United States and worldwide, including persons located in the State of New York and this District.

20. Upon information and belief, and as evidenced by the domain name registration record attached at Exhibit 4, Defendant Couture is the registered owner of the Fvmous Web Site.

**B.      Defendants' Copyright Infringement of Plaintiff's Photographs At Issue**

21. Upon information and belief, Defendant Fvmous has knowingly and willfully infringed Plaintiff's copyrights in the Photographs At Issue by designing, manufacturing, and/or producing apparel products that prominently use the Photographs At Issue as their design art (the "Infringing Products").[4]

22. Upon information and belief, Defendant Couture has knowingly and willfully infringed Plaintiff's copyrights in the Photographs At Issue by designing, manufacturing, and/or producing the Infringing Products.

23. Upon information and belief, each of the Infringing Products constitutes an infringing reproduction of one of the Photographs At Issue and/or an infringing derivative work based upon one of the Photographs At Issue.[5]

24. Upon information and belief, Defendant Fvmous has knowingly and willfully infringed Plaintiff's copyrights in the Photograph At Issue by marketing, offering for sale,

---

[4] Images of the Infringing Products are attached hereto at Exhibit 5.
[5] Side-by-side comparisons of the Photographs At Issue and the Infringing Products using each of the Photographs At Issue are attached at Exhibit 6.

5

selling, and distributing the Infringing Products to customers throughout the United States, including to customers located in the State of New York.

25.     Upon information and belief, Defendant Couture has knowingly and willfully infringed Plaintiff's copyrights in the Photograph At Issue by marketing, advertising, promoting, publicly displaying, offering for sale, selling, and/or distributing the Infringing Products to customers throughout the United States, including to customers located in the State of New York, including, but not limited to, by engaging in such activities on and/or through the Fvmous Web Site of which Defendant Couture is the registered owner.[6]

26.     Plaintiff never licensed or granted either of the Defendants any usage rights relating to any of the Photographs At Issue whatsoever, nor authorized either of the Defendants to use any of the Photographs At Issue in any manner whatsoever.

27.     Upon information and belief, Defendants were aware and/or should have been aware that the Photographs At Issue are Plaintiff's original copyright-protected works when engaging in the infringing activities forming the basis of this Complaint.

28.     Upon information and belief, Defendants have engaged in their infringing activities forming the basis of this Complaint knowingly of, and/or with reckless disregard for, Plaintiff's rights in the Photograph At Issue, and are aware that their activities constitute infringements under the Copyright Laws of the United States.

29.     Upon information and belief, Defendants' infringing activities were and are willfully done with knowledge of, and reckless disregard for, Plaintiff's rights and interests in the Photographs At Issue, and for the purpose of damaging Plaintiff's business and profiting from the unauthorized use of the Photographs At Issue in connection with the Infringing Products.

---

[6] Screen captures of web pages hosted on the Fvmous Web Site, attached at Exhibit 7, evidence the marketing, offering for sale, sale, and distribution of the Infringing Products on the Fvmous Web Site of which Defendant Couture is the registered owner.

30.     Upon information and belief, Defendants have each received substantial financial benefits from their design, manufacture, production, marketing, promotion, public display, distribution, and/or sale of the Infringing Products directly attributable to their infringements of Plaintiff's copyrights in the Photographs At Issue.

31.     As a result of Defendants' infringements of the Photographs At Issue, Plaintiff has been substantially harmed.

32.     Plaintiff, through undersigned counsel, contacted Defendants via written communication notifying Defendants of Plaintiff's rights in the Photographs At Issue, demanding that Defendants cease and desist their use of the Photographs At Issue in connection with the Infringing Products, and seeking to amicably resolve Plaintiff's copyright infringement claims against Defendants.

33.     Despite being notified of Plaintiff's rights in the Photographs At Issue and demanded to cease and desist their use of the Photographs At Issue in connection with the Infringing Products, Defendants have refused to cease and desist their use of the Photographs At Issue.

34.     Upon information and belief, Defendants continue to manufacture, produce, market, advertise, promote, offer for sale, sell, and distribute the Infringing Products as of the date of this Complaint, despite having been put on notice of Plaintiff's rights in and to the Photographs At Issue and despite Plaintiff's counsel demanding that they cease and desist such activities.

35.     Moreover, Defendants informed Plaintiff's counsel that they are in the process of selling their apparel business and transferring the designs of their products (including the designs of the Infringing Products) to a Chinese company under the false representation of possessing all

necessary rights for the exploitation of said designs, and that they intend to transfer the designs of the Infringing Products to that Chinese company in the near future.

36. Defendants' threatened transfer of the designs of the Infringing Products to a company located in China, where intellectual property infringement and counterfeiting is rampant and the court system provides little to no means of remedying infringements and counterfeiting suffered by American intellectual property owners, threatens to cause immeasurable irreparable harm to Plaintiff and the value and exclusivity of the Photographs At Issue, usurp the market for apparel bearing the Photographs At Issue, and destroy his ability to exploit his exclusive rights in and to the Photographs At Issue.[7]  Accordingly, Plaintiff requires the immediate intervention of this Court to prevent Defendants from proceeding with transferring the designs of the Infringing Products using his Photographs At Issue to a Chinese company, to put a stop to Defendants' continued willful infringements of his copyrighted photographs, and to vindicate Plaintiff's legal rights under the U.S. Copyright Act.

37. Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges to the Aaliyah Photographs (including each of the Photographs At Issue), and obtained the appropriate certificate of copyright registration, U.S. Copyright Reg. No. VA 1-910-544 (attached hereto at Exhibit 1.)

---

[7] Plaintiff has in fact already been the victim of infringement and counterfeiting of his photographs by Chinese apparel factories, whose infringing and counterfeiting activities, despite his best efforts, have proven extremely difficult if not impossible to rein in due to the difficulty of enforcing American copyrights in China and the Chinese judicial system's non-enforcement of judgments issued by American courts.  Should Defendants proceed with transferring the designs of the Infringing Products to a Chinese company, Plaintiff will likely have no viable remedy to stop that Chinese company, or others to which that company transfers the designs, from manufacturing and distributing counterfeit products bearing those designs.  Accordingly, Plaintiff is extremely concerned about the irreparable harm to the value of the Photographs At Issue should Defendants proceed with their plan, and is hopeful that this Court will intervene to prevent Defendants from doing so.

38. Beginning after Plaintiff filed for registration of the Photographs At Issue and continuing to date, Defendants have infringed Plaintiff's copyright rights in each of the Photographs At Issue.

39. Upon information and belief, Defendants have received substantial benefits directly attributable to their infringing uses of the Photographs At Issue, including, but not limited to, substantial profits from sales and distribution of the Infringing Products, increased visitor traffic to the Fvmous Web Site operated by Defendants, boosted sales of other products offered by Defendants on the Fvmous Web Site resulting from such increased visitor traffic, and promotion of Defendants' apparel brand.

40. As a result of Defendants' willful misconduct alleged herein, Plaintiff has been substantially harmed, including, but not limited to, diversion of trade, loss of profits, dilution of the value of his rights, erosion of the market value of the Photographs At Issue, appropriation of the market for apparel products bearing the Photographs At Issue, damage to his ability to exploit and/or secure future licensing of the Photographs At Issue, and injury to goodwill and reputation, all in amounts to be determined at trial.

41. Plaintiff has no adequate remedy at law. Defendants' conduct to date and threatened future conduct as described above has caused and, if not enjoined, will cause and continue to cause irreparable harm to Plaintiff.

### FIRST CAUSE OF ACTION
*(Direct Copyright Infringement)*

42. Plaintiff repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

43. At all times herein, Plaintiff has been and is still the owner, and proprietor of all right, title and interest in and to the Photographs At Issue. The Photographs At Issue are

original, creative works of Plaintiff's authorship and constitute copyrightable subject matter under the Copyright Act.

44. Without license, permission, or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C § 106, Defendants improperly and illegally reproduced, modified, distributed, and/or publicly displayed the Photographs At Issue by their design, manufacture, marketing, promotion, advertising, public display, offering for sale, distribution, and/or sale of the Infringing Products.

45. Defendants' use of the Photographs at Issue in connection with their design, manufacture, marketing, promotion, advertising, public display, offering for sale, distribution, and sale of the Infringing Products violates Plaintiff's exclusive rights in the Photographs at Issue under the Copyright Act and constitute willful infringement of Plaintiff's copyrights in the Photographs At Issue.

46. Upon information and belief, Defendants had knowledge of the copyright infringements alleged herein, and have knowingly and willfully carried out their infringing activities and continue to do so.

47. As a direct and proximate result of Defendants' infringing activities alleged herein, Plaintiff has been substantially harmed in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendants:

A. Granting Plaintiff a preliminary and permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendants, together with their respective officers, agents, servants, employees, assigns, successors and attorneys, and all other persons acting in concert with any of them:

      i. From directly or indirectly infringing in any manner on any of Plaintiff's copyrights, including, without limitation, Plaintiff's U.S. Copyright Registration No. VA 1-910-544 for the Aaliyah Photographs and the Photographs At Issue; or

      ii. From causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiff's copyrights, including, without limitation, Plaintiff's U.S. Copyright Registration No. VA 1-910-544 for the Aaliyah Photographs and the Photographs At Issue;

B. Ordering the destruction, surrendering to Plaintiff, or other reasonable disposition of all units of the Infringing Products pursuant to 17 U.S.C. § 503;

C. Directing Defendants to account for and pay over to Plaintiff all gains and profits derived by Defendants as a consequence of the infringement of Plaintiff's copyrights in the Photographs At Issue, pursuant to 17 U.S.C. § 504;

D. Awarding Plaintiff statutory damages against Defendants pursuant to 17 U.S.C. § 504(c), increased to the maximum extent permitted by law upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2);

E. Awarding Plaintiff all attorneys' fees incurred in investigating, seeking to resolve, bringing, and prosecuting this action pursuant to 17 U.S.C. § 505;

F. Awarding Plaintiff his costs and disbursements incurred in this action pursuant to 17 U.S.C. § 505;

G. Awarding Plaintiff pre- and post-judgment interest on any monetary award, including any award of attorneys' fees; and

H.  Awarding Plaintiff such other and further relief that this Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on all issues so triable.

Dated: February 12, 2015          By: _____
                                  Alexander Malbin, Esq. (AM 9385)
                                  FERDINAND IP, LLC
                                  125 Park Avenue
                                  25th Floor, Suite 2508
                                  New York, NY 10017
                                  Telephone: (212) 220-0523

                                  *Attorney for Plaintiff,*
                                  *ERIC JOHNSON*